# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

April 17, 2015

**BY ECF**

Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 219
New York, New York 10007

**JPMorgan Chase Bank, N.A. v. Freyberg, Case No. 14 CV 6851(RMB) (SN)**

Dear Judge Netburn:

      We are counsel to plaintiff JPMorgan Chase Bank, N.A. ("Chase"). We write pursuant to Local Civil Rule 37.2 and Rule II.c of this Court's Individual Practices in response to defendant's letter dated April 10, 2015 (the "Third Letter Request")[1] by which yet again he attempts to manufacture a discovery dispute where none exists. This time, defendant complains about the preparedness of Amy Byrne, a witness produced pursuant to Fed. R. Civ. P. 30(b)(6), the fourth Chase witness to testify, who at defendant's insistence also testified as a fact witness. As set forth in greater detail below, the Third Letter Request is equally as meritless as defendant's earlier efforts, and should be denied in its entirety.

**Defendant Deceives this Court by Including in Schedule C Areas of Inquiry
For Which He Needs No Testimony Because the Subject Matter Was Addressed
Comprehensively by Three Chase Witnesses with Personal Knowledge**

      As a preliminary matter, defendant misrepresents the substance of Ms. Byrne's testimony. In fact, even over objection, she answered defendant's improper questions. (See, e.g., Byrne Transcript, 128:6-10 (Angel Miranda contacted defendant to inform him of the hold on the wire and what he needed to provide for it to be released); 137:7-14, 138:3-4 (defendant

---

[1] Though we style defendant's latest foray into this Court as the Third Letter Request, it is actually his fourth bite at the apple in seeking yet more discovery, none of which is relevant to any claim or defense in this action. As this Court is aware, by order dated April 10, 2015, District Judge Berman dismissed without prejudice defendant's Objections to this Court's February 3, 2015 Discovery Order.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Sarah Netburn
April 17, 2015
Page 2

insisted that Chase honor his instruction to send the Fraudster EFT without waiting); 127:1-16, 136:13-17, 137:7-116 and 140:6-14 (defendant went to the Manhattan branch on March 13 and the Chappaqua branch on March 14); 170:15-172:25 (explaining Chase's desire to delay payment of the Fraudster EFT pending final payment of the Counterfeit Check). This belies any claim that Ms. Byrne did not answer questions. If defendant is, in fact, simply claiming that Ms. Byrne's testimony lacked specificity, even still, there is no basis for the relief defendant seeks. See Kyoei Fire & Marine Ins. Co., Ltd. v. Nat'l Fed'n of Agric. Co-Operative Ass'ns, 248 F.R.D 126, 152 (S.D.N.Y. 2007) ("In order for the Court to impose sanctions, the inadequacies in a [30(b)(6)] deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas.") (citations omitted); see also See Federal Ins. Co. v. Delta Mech. Contractors, LLC, 2013 U.S. Dist. LEXIS 47582, * 14 (D.R.I April 2, 2013) ("[I]t is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything.").

Defendant purports to identify several areas of inquiry for which he claims he still requires testimony from a 30(b)(6) witness. It is clear, however, that no such additional discovery is warranted because (i) other Chase fact witnesses whose depositions defendant insisted upon taking gave relevant and responsive testimony, and (ii) defendant seeks answers to questions requiring the witness to draw legal conclusions.

The Third Letter Request evinces a fundamental misunderstanding by defendant's counsel of the purpose of a Rule 30(b)(6) deposition. It is improper to use a Rule 30(b)(6) deposition "simply as an excuse to seek information that is already known." Tri-State Hosp. Supply Corp. v. U.S., 226 F.R.D. 118, 126 (D.D.C. 2005) A party should not use a Rule 30(b)(6) deposition "to ask questions that duplicate questions previously asked of other witnesses or seek information that he already has by virtue of responses to other discovery devices." Banks v. Office of the Senate Sgt. of Arms, 222 F.R.D. 7, 19 (D.D.C. 2004).

Incredibly, other than a passing mention in a footnote, defendant withholds from this Court the critical fact that the substantive areas of inquiry for which he seeks yet another 30(b)(6) deposition were the subject of exhaustive deposition testimony by the very fact witnesses he importuned this Court to permit. Thus, conspicuous in its absence from the Third Letter Request is defendant's acknowledgement that he already has the answers to the questions he seeks to pose to yet another witness, including many to which proper objections were raised. This is crucial because, while a party is "free to pursue" fact depositions of knowledgeable individuals to obtain answers to questions the Rule 30(b)(6) witness did not know, a party may not abuse Rule 30(b)(6) to foment otherwise unnecessary depositions of a witness whose testimony adds nothing. See Federal Ins. Co., 2013 U.S. Dist. LEXIS 47582 at *14.

Addressing the Schedule C appended to the Third Letter Request, defendant secured answers to items 1 through 4 of Section 1, and items 1 through 3 and 7 of Section 2, from the depositions of Messrs. Szygiel, Miranda and Merrick. Specifically, defendant knows: (i) why Mr. Merrick decided to place a hold on the Fraudster EFT because Mr. Merrick testified about this, and it is set forth in documents Chase produced, (ii) that Mr. Miranda informed him

on March 13, 2014 that the Fraudster EFT would be held for 10 days to allow for final payment or dishonor of the Counterfeit Check because both Mr. Miranda and defendant testified about this, and it is set forth in the documents Chase produced, (iii) that defendant visited the Manhattan branch on March 13 and the Chappaqua branch on March 14, 2014, because Mr. Miranda, Mr. Szygiel and defendant all testified about this, (iv) that at defendant's request on March 14, 2014, Chase contacted Bank of New York Mellon, and thereafter released the hold on the Fraudster EFT because Mr. Szygiel and defendant testified about this, and it is set forth in the documents Chase produced. Thus, to the extent defendant claims to be dissatisfied with Ms. Byrne's testimony, this Court should disregard his complaint because the questions themselves were improper because they were already asked and answered by Chase's other witnesses.

### Defendant Seeks Deposition Testimony That Exceeds the Permissible Scope of Disclosure

Defendant's impermissibly overbroad and vague Rule 30(b)(6) Notice of Deposition dated December 30, 2014 (the "Deposition Notice") is fatally defective because it fails to describe with "reasonable particularity" the matters for examination. By the Third Letter Request, defendant's counsel takes refuge in a "catch-all" provision in the Deposition Notice that, if recognized by this Court, would eviscerate the reasonable particularity requirement mandated by Rule 30(b)(6). In doing so, he assumes the position that the Deposition Notice requires a Rule 30(b)(6) witness to be prepared to testify about anything and everything. This too highlights counsel's failure to understand the permissible scope and breadth of a Rule 30(b)(6) deposition.[2]

For example, item 5 of Section 1 demonstrates that defendant improperly questioned Ms. Byrne about, and sought from her, a legal conclusion about an affirmative defense Chase asserted to defendant's counterclaims. It is inappropriate to ask a Rule 30(b)(6) fact witness to provide legal conclusions about the basis for affirmative defenses. See Federal Trade Comm'n v. Cyberspy Software, LLC, 2009 U.S. Dist LEXIS 71270, *7 (M.D. Fla. July 31, 2009) (asking a Rule 30(b)(6) witness for the "factual justification" underlying a claim requests the mental impressions, conclusions, opinions or legal theories of the party's attorney and is properly objected to).

Next, to the extent that defendant claims to be dissatisfied with Ms. Byrne's testimony as a 30(b)(6) witness, based on the questions posed by his attorney, it is beyond cavil that he blindsided her with areas of inquiry not identified in the Deposition Notice. Whether or not this was a function of a lack of care in drafting the Deposition Notice is not germane. All

---

[2] Defendant incorrectly posits that because Chase neither objected to, nor requested clarification of, the Deposition Notice, Chase somehow waived its right to object to the Deposition Notice or defendant's counsel's improper questions. Served with an improper Rule 30(b)(6) notice of deposition, an "entity may seek, but is not obliged to obtain, a protective order." Federal Ins. Co., 2013 U.S. Dist. LEXIS 47582 at *14. The entity may interpose its objections to the examining party's improper questions at the deposition. Id.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Sarah Netburn
April 17, 2015
Page 4

that is important is that defendant now seeks to take yet a sixth deposition in a case in which nothing about the matters which he purports to inquire into are unknown, or relevant to a claim or defense in this action.

A notice of deposition served pursuant to Fed. R. Civ. P. 30(b)(6) "must describe with reasonable particularity the matters for examination." One court observed "to allow Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." McBride v. Medicalodges, Inc., 250 F.R.D. 581, 584 (D. Kan. 2008) (emphasis added). "[A]n overly broad Fed. R. Civ. P. 30(b)(6) 'notice subjects the noticed party to an impossible task,' because, where it is not possible to 'identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.'" Eng-Hatcher v. Sprint Nextel Corp., 2008 U.S. Dist. LEXIS 67052, *13 (S.D.N.Y. Aug. 28, 2008) (citation omitted). Further, a Rule 30(b)(6) deposition notice topic containing the language "including but not limited to" renders the notice improperly "overly broad" because it makes "it impossible for the defendant[] to identify the limits of the inquiry noticed in order to comply with the designation requirements imposed on [it] by Fed. R. Civ. P. 30(b)(6)." Id. at *16-17; see also Tri-State Hosp., 226 F.R.D. at 125 (D.D.C. 2005) ("Listing several categories and stating that the inquiry may extend beyond the enumerated topics defeats the purpose of having any topic at all."); Health Grades, Inc. v. MDX Medical, Inc., 2013 U.S. Dist LEXIS 59271, *11 (D. Co. April 25, 2013) (a Rule 30(b)(6) deposition notice that "employs sweeping matters for examination" and requires "included but not limited to" testimony renders the notice impermissibly overbroad); Federal Ins. Co., 2013 U.S. Dist. LEXIS 47582 at *12 ("Broad topics of inquiry do not 'give rise to an obligation to prepare a witness to answer every conceivable detailed question relating to the topic'… [t]he fact that the designee cannot answer every question posed at the deposition does not mean that the organization failed to satisfy the obligation to prepare the witness").

It is well established that "if a party opts to employ the procedures of Rule 30(b)(6), F.R.Civ.P., to depose the representative of a corporation, that party must confine examination to the matters stated 'with reasonable particularity' which are contained in the Notice of Deposition." Falchenberg v. New York State Dep't of Educ., 642 F. Supp.2d 156, 164 (S.D.N.Y. 2008) (citation omitted). Further, "questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent." Id. (citations omitted). In short, "if the [30(b)(6)] deponent does not know the answers to the questions outside the scope of the matters described in the notice, then that is the examining party's problem." Id. (citations omitted); see also EEOC v. Freeman, 288 F.R.D. 92, 98 (D. Md. 2012) (the obligation on the party being deposed to prepare the deponent extends only to topics in the Rule 30(b)(6) deposition notice).

Items 8 through 10, of Section 3, and their subparts, concern in their entirety defendant's attempt to question Ms. Byrne about Chase's post-transaction investigation of defendant's deposit of the Counterfeit Check. Defendant questioned Ms. Byrne using three exhibits (i) Chase investigator Gavin Matranga's notes, and (ii) two e-mails, one sent by Mr.

Matranga, the other to Mr. Matranga. . Affording defendant all reasonable inferences, the Deposition Notice did not identify with any particularity, let alone reasonable particularity, that Chase's post-transaction investigation would be a matter for the examination. Moreover, defendant's course in pursuing this line of inquiry is particularly inappropriate. By the Discovery Order dated February 3, 2015, this Court precluded defendant from taking Mr. Matranga's deposition. *A fortiori*, defendant's inquiry into this very issue at the deposition of Chase's Rule 30(b)(6) witness is an inappropriate end run around this Court's order that this Court should not countenance.

Similarly, items 4, 5 and 6 of Section 2 concern (i) Chase's policies for preserving e-mails regarding the subject of the action, (ii) whether Mr. Merrick's and Ms. Welch's telephone calls were recorded, and (iii) whether Chase provided defendant with a certain transaction summary. Again, affording defendant all reasonable inferences, the matters for examination set forth in the Deposition Notice do not identify with requisite particularity that these topics would be the subject of the deposition, and they go well beyond the scope of inquiry.

Consistent with her conduct in responding to questions involving other impermissible areas of inquiry discussed above, Ms. Byrne responded to these improper questions, subject to counsel's objection that the questions were beyond the scope of the matters for examination set forth in the Deposition Notice, and that her answers would not bind Chase. (See, e.g., Byrne Dep. 207:14-22). See Falchenberg, supra, 642 F. Supp.2d at 164.

Accordingly, defendant has no basis upon which to claim Ms. Byrne was not prepared to respond to questions about matters not set forth with reasonable particularity in the Deposition Notice. By the Deposition Notice defendant failed to designate the matters for examination with "painstaking specificity" as Rule 30(b)(6). As a result, his complaint that Ms. Byrne was allegedly not prepared to testify about the "sweeping matters" set forth in the Deposition Notice is baseless, and should be rejected.

By reason of the foregoing, Chase respectfully requests that this Court deny the relief sought by the Third Letter Request in its entirety.

Respectfully,

Bruce S. Goodman

cc:   Michael J. Giusto, Esq. (by ECF)