# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

May 8, 2015

**BY ECF**

Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 219
New York, New York 10007

**JPMorgan Chase Bank, N.A. v. Freyberg,**
**Case No. 14 CV 6851(RMB) (SN)**

Dear Judge Netburn:

We are counsel to plaintiff JPMorgan Chase Bank, N.A. ("Chase").  We write pursuant to Your Honor's instruction during the conference conducted on April 29, 2015, and submit this joint letter with defendant's counsel setting forth the status of the parties' settlement discussions.

Chase's Demand:  Consistent with the Court's instruction, on May 1, 2015, Chase made a settlement demand to defendant of $420,000, comprised of payment in full of the outstanding overdraft in the amount of $380,221.01, plus statutory pre-judgment interest at the rate of 9% per annum.  In connection with this demand, Chase would forego reimbursement of the attorneys' fees which Chase maintains defendant is required to pay pursuant to the provision in the applicable account agreement that defendant "agree[s] to pay all costs and expenses we incur in collecting any overdraft, including attorneys' fees," provided this matter resolved before Chase incurs additional fees in making a motion for summary judgment.

Defendant's Counteroffer:  On May 6, 2015, defendant indicated its position that Section I.11 of the applicable account agreement, entitled "Pre-judgment interest rate," provides for a pre-judgment interest rate of 0.01% to be applied to any judgment amount awarded herein.  Defendant thereafter made a counteroffer to settle the action for $100,000.00.  Defendant indicated that he would agree to a settlement conference.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Sarah Netburn
May 8, 2015
Page 2

    <u>Settlement Conference</u>:  In light of the foregoing, it appears the parties' respective settlement positions are too wide to bridge.  Accordingly, the parties submit that a settlement conference with the Court would not be productive.

    <u>Motion for Summary Judgment</u>:  Consistent with the Court's instruction at the conference, Chase intends to make its motion for summary judgment by May 27, 2015.

    We thank the Court for its courtesy.

           Respectfully,

           Bruce S. Goodman

cc:  Michael J. Giusto, Esq. (by ECF)