```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/18/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JP MORGAN CHASE BANK, N.A.,

                Plaintiff,

    -against-

MARK L. FREYBERG, ET AL.,

                Defendants.
------------------------------------------------------------X

14 Civ. 06851 (RMB)

**ORDER**

Having reviewed the record herein, including without limitation **(i)** the transcript of the January 30, 2015 conference held before Magistrate Judge Sarah Netburn, during which Judge Netburn made preliminary oral rulings denying (1) Defendant Mark Freyburg's discovery requests for Plaintiff's fraud detection policies, employee training policies, and experience with fraudulent check schemes, and (2) precluding the depositions of Plaintiff's loss-prevention employees, Jacqueline Welch and Julie Keener, and Vice President Gavin Matranga ("Matranga") (Hr'g Tr., dated Jan. 30, 2015) ("1/30/15 Tr.")); **(ii)** Judge Netburn's Order, dated February 3, 2015 ("Discovery Order"), declining to modify her January 30, 2015 rulings; **(iii)** Defendant's "Objections to Discovery Order," dated February 17, 2015, requesting the Court to enter an order "sustaining Defendant's objections to the February 3, 2015 Order" (Defendant's Objections to Discovery Order, dated Feb. 17, 2015, at 17); **(iv)** Plaintiff's "Response to Defendant's Objections to Discovery Order," dated March 3, 2015 ("Pl's. Response"); **(v)** Defendant's reply, dated March 13, 2015; **(vi)** the transcript of the April 29, 2015 conference held before Judge Netburn during which she re-affirmed her Discovery Order; **(vii)** Defendant's letter to the Court renewing its objections to the Discovery Order, dated May 4, 2015; and **(viii)** applicable legal authorities, **the Court hereby denies Defendant's objections to the Discovery Order, as**

1

**follows:**[1]

**(1)** Magistrate judges are given broad latitude in resolving discovery disputes and "[t]he party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP, No. 09 Civ. 08083, 2011 WL 2946380, at *1 (S.D.N.Y. July 14, 2011) (citations omitted). "A magistrate judge's resolution of discovery disputes deserves substantial deference." Weiss v. La Suisse, 161 F.Supp.2d 305, 321 (S.D.N.Y. 2001); see also, Anwar v. Fairfield Greenwich Ltd., 982 F.Supp.2d 260, 262 (S.D.N.Y. 2013); Fed. R. Civ. P. 72(a).

**(2)** Judge Netburn's determination that Plaintiff "has made sufficient showing that such materials are likely irrelevant" to Defendant's defenses and counterclaims is neither clearly erroneous nor contrary to law. (Order at 2, 4); see In re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992); see also, Fischer & Mandell, 632 F.3d 793, 801 (2d Cir. 2011) (citing N.Y. U.C.C. § 4-212(1)); Greenberg, Trager & Herbst, LLP v. HSBC Bank USA, 17 N.Y.3d 565, 582 (N.Y. 2011) ("The UCC is clear that, until there is final settlement of the check, the risk of loss lies with the depositor.").

**(3)** Similarly, Judge Netburn's finding that Plaintiff has "demonstrated that the information sought is highly confidential and proprietary (how the bank protects against fraud)" is neither clearly erroneous nor contrary to law. (Order at 4); see Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 144 (S.D.N.Y. 1997) ("The Disputed Documents [policies and procedures used to prevent fraud] are various manuals that fall within the broad spectrum of internal corporate documents that courts regularly hold to be confidential business information"). "Those policies are meant to protect the bank from loss and its just really the most highly confidential proprietary information [for] the banks." (1/30/15 Tr. at 21:5-13.)

---

[1] **Any issues raised by the parties not specifically addressed herein were considered by the Court on the merits and rejected.**

2

(4)     The Court also finds no basis for overturning Judge Netburn's conclusion that "the depositions of multiple loss prevention investigators" would be burdensome. (Order at 4); see In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 70 (2d Cir. 2003) ("[J]udges may prevent the proposed deposition when the facts and circumstances are such that creates an inappropriate burden or hardship."). Defendant has already deposed Plaintiff's loss-prevention employee, Angel Merrick, and ordered Plaintiff to designate a 30(b)(6) witness. (Order at 4.) And, Judge Netburn found that "Mr. Matranga's deposition is not necessary," because "all of his information is second hand" and Defendant "has those [Metranga's investigation] notes." (1/30/15 Tr. at 30:1-10, 35:22-23); see Lufthansa Technik AG v. Astronics Corp., 553 Fed.Appx. 22, 23 (2d Cir. 2014) (District courts may limit discovery where it is "cumulative or duplicative"). Judge Netburn also commented that "if the witnesses . . . who met with him [Matranga] in connection with that investigation somehow testify in a way that's inconsistent . . . I'll revisit the issue." (1/30/15 Tr. at 35: 24-25, 36:1-5.)

### Conclusion & Order

For the foregoing reasons, Defendant's Objections to Judge Netburn's Discovery Order are denied.

Dated: New York, New York
       May 18, 2015

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**