Barry J. Glickman, Esq.
bglickman@zeklaw.com
Bruce S. Goodman, Esq.
bgoodman@zeklaw.com
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400 (telephone)
(212) 753-0396 (facsimile)

Attorneys for Plaintiff
   JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>                              Plaintiff,<br><br>       - against -<br><br>MARK L. FREYBERG, individually and conducting business under the name of THE FREYBERG LAW GROUP,<br><br>                              Defendant. | Case No.: 14-CV-6851 (RMB) (SN)<br><br>**DECLARATION OF ETHAN MERRICK** |

STATE OF OHIO,
COUNTY OF FRANKLIN.

      ETHAN MERRICK, pursuant to 28 U.S.C. § 1746 and under the penalties of perjury, declares:

      1.    I am a Fraud Analyst in the Retail Fraud Prevention Group, Electronic Money Movement department of JPMorgan Chase Bank, N.A. ("Chase"). I make this Declaration in support of Chase's motion pursuant to Rule 56 of the Federal Rule of Civil Procedure for an order awarding summary judgment in favor of Chase.

2. This declaration is based upon my personal knowledge and upon my review of Chase's books and records that are in my possession or subject to my control and computer files and database information maintained by Chase in the ordinary course of business.

3. My responsibilities as a Fraud Analyst include reviewing instructions given by Chase depositors for electronic funds transfers ("EFT's") in an effort to reduce the opportunity for Chase to be the victim of a fraud. Consistent with this, I have the authority to delay sending an EFT if I suspect that the circumstances concerning the depositor's instructions may be fraudulent. My sole mandate in conducting such a review is to protect Chase from being victimized by a fraud.

4. I understand defendant alleges that Chase delayed payment of an EFT in the sum of $389,950. (the "Fraudster EFT") because of its alleged knowledge of frauds involving companies identified as "Praxair, Inc." or "Diamyd Medical AB." This is false. As I testified at a deposition held on March 19, 2015, my decision to delay the Fraudster EFT was based entirely on certain "red flags," as set forth below, concerning defendant's specific request to send the Fraudster EFT. When I reviewed the Fraudster EFT, I did not have any information concerning any other fraud involving companies identified as "Praxair, Inc." or "Diamyd Medical AB."

5. In certain circumstances, the sending of an EFT may be intended to perpetrate a fraud upon Chase. One such circumstance is when (i) a depositor deposits to an account an official bank check allegedly drawn by a foreign bank in a large dollar

amount, (ii) almost immediately after such deposit the depositor instructs Chase to send an EFT to a foreign account, and (iii) the EFT will be funded by the provisional credit resulting from the deposit of the foreign official check. Such activity suggests a potential fraud on Chase because of the loss Chase may sustain if the EFT is sent, the drawee bank returns the deposited check unpaid, and the depositor's account does not have sufficient funds against which to set off.

6. On March 13, 2014, I became aware that defendant had given Chase instructions to send the Fraudster EFT for credit to an account maintained by Towa Bank in Japan in the name of a company identified as Tanaka Isseidon Gaishon. At that time I also learned that one day earlier, March 12, 2014, Chase provisionally credited an account in the name of Mark L. Freyberg d/b/a The Freyberg Law Group (the "Account") for $433,567.60 based on defendant's deposit of what purported to be an official check for that amount (the "Counterfeit Check") identifying a company identified as Praxair as the remitter, drawn by Canadian Imperial Bank of Commerce ("CIBC") on an account at Bank of New York Mellon ("BNY").

7. Upon reviewing the Account, I ascertained that the Fraudster EFT was to be funded by the provisional credit posted upon the deposit of the Counterfeit Check. As a result, I made the decision to delay the Fraudster EFT for 10 days. I was concerned because, among other things, (i) the Counterfeit Check was for an uncharacteristically large amount for defendant, (ii) the Counterfeit Check was drawn by CIBC, a foreign bank, (iii) defendant never previously sent an EFT from the Account, (iv)

the Fraudster EFT was directed to an account maintained at a foreign bank, (v) defendant did not initiate the wire from the Chase branch at which the Account was maintained in Chappaqua, New York but, rather, from another branch in Manhattan, and (vi) this conduct was highly unusual and inconsistent with defendant's transaction history in connection with the Account.

Executed on July 16, 2015.

_____
ETHAN MERRICK